**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **OSWALDO QUITO and LUIS QUITO GONSALES on behalf of themselves and all others similarly situated,** | **COMPLAINT** |
| **Plaintiffs,** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **-against-** | |
| **KUO YANG DESIGN & CONSTRUCTION, INC. d/b/a SHIN YANG CONSTRUCTION, SHIMI ZHENG and LI ZHENG** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

1.    Plaintiffs Oswaldo Quito and Luis Quito Gonsales, on behalf of themselves and all other employees similarly situated, by and through undersigned counsel, allege:

## JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").   Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the New York state law claims, as they are so related to the federal claims over which the Court has original jurisdiction that the state law claims form part of the same case or controversy under Article III of the United States Constitution.

3.    Defendants are subject to personal jurisdiction in New York.

4.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to claims of this Complaint took place in this District.

## THE PARTIES

5.      Defendant Kuo Yang Design & Construction, Inc. ("Shin Yang") is a corporation organized and existing under the laws of New York.

6.      Upon information and belief, Defendant Shin Yang's annual dollar volume of gross revenue each year exceeds $500,000 and it is an enterprise engaged in commerce within the meaning of 29 U.S.C. 201, *et. seq.*

7.      At all relevant times, Defendant Shin Yang exercised comprehensive control over the Plaintiffs' and the other class and collective members' employment including by controlling the manner of their duties, hours of work and compensation, supervising their employment, and having authority to hire and fire them.

8.      At all relevant times, Defendant Shin Yang was Plaintiffs' and other class and collective members' employer under the Fair Labor Standards Act and applicable New York state law.

9.      Defendant Li Zheng is the Chief Executive Officer of Shin Yang.

10.     Upon information and belief, Defendants Shimi Zheng and Li Zheng are in active control and management of Shin Yang's day to day operations, hire, fire and exercise comprehensive control over the Plaintiffs' and the other class and collective members' employment, direct the work of employees, set schedules, weekly hours of work, wage rates, and are an employers of Plaintiffs and those similarly situated under the FLSA and NYLL.

11.     Plaintiffs Oswaldo Quito and Luis Quito Gonsales were, at all times relevant to the complaint, Defendants' "employees" within the meaning the FLSA and applicable New York state law.

12.     Plaintiff Oswaldo Quito worked as a construction worker for Defendants for over

ten years, ending on March 20, 2014.

13.    Plaintiff Luis Quito Gonsales worked as a construction worker for Defendants from February 2010 to May 2014.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.    Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all construction workers employed by Defendants within three years before the filing of this complaint, or such prior date as set by the Court due to the equitable tolling of claims ("FLSA Collective Plaintiffs").

15.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decisions, plans, common policies, programs, practices, procedures, protocols and rules of willfully failing and refusing to pay them at least one-and-one-half times their regular hourly rate of pay for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are the same as those of the other FLSA Collective Plaintiffs.

16.    At all relevant times, Shin Yang has been, and continues to be, an "employer" engaged in "commerce" within the meaning of FLSA, 29 U.S.C. § 201, *et. seq.*

17.    At all relevant times, Defendants have employed "employee[s]", within the meaning of the FLSA, including Plaintiffs and each of the FLSA Collective Plaintiffs.

## CLASS ALLEGATIONS

18.    Plaintiffs brings the state law causes of action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all construction workers who work or who have worked for Defendants in New York within six years before the filing of this complaint, or such

prior date as set by the Court due to the equitable tolling of claims, to the date of final judgment in this matter (the "Class").

19.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the control of Defendants, there are significantly more than forty (40) members in the Class.

20.    Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

21.    The state law causes of action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether Defendants failed to keep and maintain accurate records of the number of hours employees actually worked, in violation of New York Labor Law ("NYLL"), Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b) whether Defendants failed to pay Plaintiffs and the Class members overtime pay for hours worked in excess of 40 hours per workweek;

(c) whether it was Defendants' policy or wide-spread practice of failing to furnish Plaintiffs and the Class with accurate statements of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(d) whether additional overtime compensation is due to Plaintiffs and Class members for overtime work, and whether Defendants are required to pay the class members for their work;

whether Defendants provided Plaintiffs with an annual wage notice as required by NYLL § 195

(e) whether Defendants' violations of the NYLL were willful; and

(f) the nature and extent of class-wide injury resulting from prevailing and overtime wage violations and the proper method of calculating damages for those injuries.

22.     Plaintiffs and the members of the Class have all been subject to Defendants' policy and practice of refusing to pay them overtime wages as required by law.  Plaintiffs and the Class members are protected by the same statutory rights under the NYLL to be lawfully paid for all hours worked, including overtime wages.  Plaintiffs and the members of the Class all have sustained similar underpayments of wages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies and practices.

23.     Defendants acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

24.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs understand that, as the class representative, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.  Plaintiffs recognize that as the class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Class.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

25.     Plaintiffs have retained counsel competent and experienced in complex class

action employment litigation.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual employees may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate employer.   The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although not *de minimis,* the relative damages suffered by individual members of the Class are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## **FACTS**

27.     Plaintiffs' Consent to Sue forms are attached as Exhibits A and B.

28.     Plaintiffs were Defendants' employee.

29.     At all times hereinafter mentioned, Plaintiffs were required to be paid  overtime pay at the statutory rate of time and one-half times their regular hourly rate for hours worked over forty (40) hours in a workweek.

30.     Plaintiffs were paid a flat day rate for all hours, including those worked over 40 in a week.

31.     Plaintiffs usually worked more than 40 hours each week.

32.     From February 2010 to June 2013, Plaintiff Gonsales was paid $90.00 for each day of work, regardless of hours worked. His pay was increased to $100.00 per day by June 2013.

33.     On June 24, 2008, Plaintiff Quito was paid $120.00 for each day of work,

regardless of hours worked. His pay gradually increased to $150.00 per day by 2012.

34.     Since June 24, 2008, Plaintiffs worked nine and one-half hour shifts, beginning at 7:30a.m. and ending at 5:00p.m, with a half hour lunch break.

35.     Plaintiffs regularly worked five to six shifts per workweek. Thus, Plaintiffs typically worked between 45 and 54 hours per workweek.

36.     Defendant did not provide Plaintiff with the notices required under NYLL § 155, such as annual pay rate notices or weekly pay stubs outlining hourly rates of pay or overtime rates.

37.     Defendants' violations against Plaintiffs, FLSA Collective Plaintiffs, and Class members have been willful in that Defendants recklessly disregarded the requirements of the law.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**On behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

38.     Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

39.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

40.     Defendants have engaged in a policy and widespread practice of violating the FLSA, as detailed in this Complaint.

41.     As construction workers, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked more than forty (40) hours per workweek.

42.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 207 et seq., and supporting federal regulations apply to Defendants and protect Plaintiffs and the FLSA Collective members.

7

43.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the other FLSA Collective Plaintiffs one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek.

44.     Plaintiffs, on behalf of themselves and the other FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Overtime Violations, New York Labor Law § 650 *et seq.* and 12 NYCRR § 142-2.2)
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

45.     Plaintiffs, on behalf of themselves and other Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

46.     When they worked as construction workers, Plaintiffs and other Class members regularly worked more than forty (40) hours per workweek.

47.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Class members at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek.

48.     At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing to pay Class members, including Plaintiffs, at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek,

49.     Defendants willfully failed to keep records required by New York law, including 12 NYCRR § 142-2.6.

50.     Plaintiffs and the other Class members seek damages in the amount of their

respective unpaid overtime compensation, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

51.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52.     Defendant did not provide Plaintiffs with the notices required by N.Y. Lab. Law § 195.

53.     As a result of Defendant' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

**DEMAND FOR RELIEF**

54.     WHEREFORE, Plaintiffs claims:

    a.     Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

    b.     Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

    c.     Designation of Plaintiffs as Class Representatives;

    d.     Unpaid overtime wages under the Fair Labor Standards Act and the NYLL;

    e.     Liquidated damages under the Fair Labor Standards Act;

    f.     Liquidated damages under the NYLL;

    g.     Appropriate statutory penalties;

    h.     Restitution as provided by law;

    i.     Pre-Judgment and Post-Judgment interest, as provided by law;

9

j.      Attorneys' fees and costs under the Fair Labor Standards Act and the NYLL; and

k.      Such other injunctive and equitable relief as the Court may deem just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: June, 24 2014
       New York, NY

Respectfully submitted,

*/s/ D.Maimon Kirschenbaum*
**JOSEPH & KIRSCHENBAUM LLP**
D. Maimon Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10279
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

*Attorneys for Plaintiffs and the Putative Class and Collective*

10

# Exhibit A

<u>CONSENTIMIENTO PARA DEMANDAR</u>

Estoy actualmente o anteriormente empleado por **Shin Yang Construction** y también por
entidades y personas relacionadas. Doy mi consentimiento para ser un demandante en una acción
para colectar salarios pendientes. Estoy de acuerdo que estoy obligado por los términos del
contrato de servicios profesionales firmada por los demandantes nombrados en este caso.

_Osaldo Quito_____
Nombre

_Osaldo Quito_____
Firma

_13 - 6 . 14_____
Fecha

# Exhibit B

## CONSENTIMIENTO PARA DEMANDAR

Estoy actualmente o anteriormente empleado por **Shin Yang Construction** y también por entidades y personas relacionadas. Doy mi consentimiento para ser un demandante en una acción para colectar salarios pendientes. Estoy de acuerdo que estoy obligado por los términos del contrato de servicios profesionales firmada por los demandantes nombrados en este caso.

luis Manuel Quito Gonseles
Nombre

_____
Firma

26 Diciembre 1987
Fecha   24 Junio 2014